**Not For Publication**                                                                                           **Closed**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRYAN KRANTZ, : | Civil Action No. 04-3507 |
| : | |
| Plaintiff, : | |
| : | **ORDER & OPINION** |
| vs. : | |
| : | June 30, 2004 |
| COMMISSIONER OF SOCIAL : | |
| SECURITY ADMINISTRATION, : | |
| : | |
| Defendant. : | |
| : | |

**HOCHBERG, District Judge.**

   This matter having come before the Court upon a Petition seeking review of the Administrative Law Judge's final determination partially denying an application for Social Security Disability Insurance Benefits. The Court having reviewed the parties' submissions pursuant to Rule 78 of the Federal Rules of Civil Procedure; and

   it appearing that a five-step sequential evaluation is used to determine whether a claimant is entitled to benefits; and

   it appearing that if the analysis proceeds to the fifth step, the Commissioner bears the burden of demonstrating that jobs exist in significant numbers in the national economy that the claimant can do, given the claimant's residual functional capacity, age, education, and work experience; and

   it appearing that the claimant has a non-exertional limitation; and

   it appearing that when a claimant has a non-exertional limitation, the Commissioner is not entitled to rely solely on the Medical-Vocational Guidelines ("Grids") (20 C.F.R. § 404

Subpart P, Appendix 2), to determine whether jobs exist in sufficient numbers that the plaintiff can perform, but rather, must apply the Third Circuit's decision in Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000); and

it appearing that when a claimant has a non-exertional limitation, Sykes v. Apfel requires the ALJ to consider testimony from a vocational expert or other similar evidence such as a learned treatise,[1]

**IT IS** on this 30th day of June 2005,

**ORDERED** that the instant case is **REMANDED** for further review in accordance with Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000);[2] and

**IT IS FURTHER ORDERED** that this case is closed.

/s/ Faith S. Hochberg

Hon. Faith S. Hochberg, USDJ

---

[1] Sykes also permits the Commissioner to provide notice that the Commissioner intends to take or is taking administrative notice of the fact that the particular non-exertional limitation does not significantly erode the occupational base, as long as the claimant is given the opportunity to respond before the Commissioner can deny the claim.

[2] See also Grossberg v. Barnhart, No. 04-2397, 2005 WL 703736, *2-4 (3d. Cir. Mar. 29, 2005) (holding that the Commissioner's failure to consult a vocational expert or to provide notice "clearly offends established precedent" in the context of awarding attorney's fees pursuant to the Equal Access to Justice Act).